LAO MA SPICY INC.

     *Plaintiff,*

v.

Laoma Philly Inc., Jialiang Huang and Meiling Liang

     *Defendants*.

COMPLAINT

Case Number 2:18-cv-2793

Plaintiff Laoma Spicy, LLC ("Plaintiff"), by its attorneys, HUI CHEN & ASSOCIATES, PLLC, for its complaint against Defendants Laoma Philly Inc. ("Philly"), Jialiang Huang ("Huang") and Meiling Liang ("Liang") (collectively, the "Defendants") alleges as follows:

## NATURE OF ACTION

1. Plaintiff is a leading Chinese restaurant in New York, with specialty at preparation of Chinese food with unique recipe and cooking method as well as business model. This is an action to halt an ongoing theft of Laoma's trade name and trade secret, which includes (i) Defendants' unauthorized creation and use of Laoma as their trade name and dilute the Plaintiff's distinctive trademark; (ii) Defendants' unauthorized registrations with Pennsylvania Department of State under the name of Laoma Philly Inc. that use "Laoma" as their corporate name without the Plaintiff's consent; (iii) Defendants' unauthorized use

1

of the trade secret and business model of Laoma without Plaintiff's consent or authorization.

2. Defendants have no affiliation with LAO MA SPICY INC. nor have affiliation with any of the affiliated entities of LAO MA SPICY INC. Plaintiff has not consented to the use of its trademarks by Defendants. Defendants intentionally incorporated themselves under corporate names that infringe and dilute Plaintiff's trademarks. Defendants intentionally appropriate Plaintiff's trademark and trade name to confuse and deceive the public.

3. Defendants are misappropriating Plaintiff's trade secrets. Without Plaintiff's consent or authorization, Defendants used Plaintiff's technique of cooking, method of operating the restaurant and recipe to operate a restaurant that Plaintiff helped to design.

4. Plaintiff seeks to protect itself and consumers from Defendants' bad-faith, deceptive use of Plaintiff's valuable intellectual property rights.

5. Plaintiff seeks a preliminary injunction and permanent injunction, damages, and all other available relief to remedy Defendants (i) trademark infringement pursuant to Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125 (a)(1)(A); (ii) trademark dilution pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. §1125 (c); (iii) violations of New York General Business Law Section 349; (iv) trademark dilution under New York General Business Law Section 360-L; (v) common law trademark infringement and unfair competition under New York law. Plaintiff also seeks a declaratory judgment that neither Laoma Philly, Inc. nor Chu Shang Spicy is affiliated with LAO MA SPICY INC.

## PARTIES

6. Plaintiff Laoma Spicy, LLC is a leading Chinese restaurant and one of the most popular restaurant serving Malatang and dry pot food in the United States. It and its affiliates provide customized spicy Chinese food with several locations in the United States. Laoma Spicy, LLC is a corporation organized under the law of New York with its principal place of business at 4318 Main St., Suite 2C, Flushing, New York 11355.

7. Defendant Laoma Philly Inc. is a Philadelphia corporation with a principal address at 925 Arch St., Philadelphia, PA 19107.

8. Defendant herein, Jialiang Huang ("Huang"), at 925 Arch St., Philadelphia, PA 19107. Huang is fully engaged in the operation of Laoma Philly Inc. and Chu Shang Spicy restaurant.

9. Defendant herein, Meiling Liang ("Liang"), at 925 Arch St., Philadelphia, PA 19107. Liang is fully engaged in the operation of Laoma Philly Inc. and Chu Shang Spicy restaurant.

10. Upon information and belief, Huang and Liang are husband and wife.


## JURISDICTION

11. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §1131, §1332, §1338, §1367 and §1832.

12. An actual, ripe and justiciable controversy exists between Plaintiff and Defendants regarding the registration made by Defendants under corporate name that infringes Plaintiff's trademark, and Defendants' theft of Plaintiff's trade secrets.

13. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) and 28 U.S.C. §1391(b)(3) in that (i) a substantial part of the events giving rise to Plaintiff's claims occurred in this district; and (ii) the Defendants are subject to the Court's personal jurisdiction here.

14. This Court has personal jurisdiction over the Defendants in this action under New York Civil Practice Law § 302(a)(1)-(3) because the Defendants, either in person or through an agent have contracted to obtain services in New York, have engaged in a persistent course of conduct in New York and/or expect or should reasonably expect their acts to have consequences in New York and derive substantial revenue from interstate or international commerce.

FACTUAL BACKGROUND

I.    Plaintiff's Trademarks and Trade Secret

15. Plaintiff and its predecessors and subsidiaries have used in commerce in the United States the "Laoma Malatang" trademark since approximately 2005. A screenshot of the trademark appears below.



16. Plaintiff and its predecessors and subsidiaries have used in commerce in the United States the "Laoma Spicy" trademark since approximately 2013.

17. Plaintiff filed application of Laoma Spicy trademark (U.S. Serial Number 87,541,458) in class 043, for restaurant services. A screenshot of the trademark appears below.



18. Currently, Plaintiff and its predecessors and subsidiaries use the trademarks "Laoma Spicy" and "Laoma Malatang" (hereinafter "Laoma Marks") to identify its and its affiliates' Chinese restaurants and services in several states in America.

19. Plaintiff and its predecessors own the website

    http://www.laomamalatang.com/--malaxiangguo

20. Plaintiff's predecessor and subsidiaries are the lawful owners of Laoma Marks.

21. For nearly 14 years, Plaintiff has developed a number of proprietary products and services and has continuously maintained exclusive rights over Laoma Marks. Plaintiff has invested significant sums in promoting and advertising goods and services associated with Laoma Marks across a nation wide geographic scope.

22. Plaintiff has acquired secondary meaning for Laoma Marks. Laoma Marks appeared in TV shows and commercials, and has became famous among Chinese community.

23. Plaintiff has established valuable trademark rights and goodwill in Laoma Marks by virtue of its and its affiliates' long-standing use in commerce. The Laoma Marks have achieved widespread public exposure and recognition that they have been highly distinctive and famous for years.

24. Plaintiff currently operates in New York, New Jersey and Maryland and continuously carries on marketing and promoting activities in multiple states in U.S.

25. Plaintiff developed their unique system of food preparation and business operation model, which is not accessible to the public.

26. With years of efforts, Plaintiff developed its own formula of Laoma sauce, which led to the success of the restaurants. The formula of Laoma sauce is only known to the owners of the Plaintiff.

## II.     Defendant's Fraud

27. Defendant Huang reached Plaintiff through phone in 2017 to express his interest to become a franchisee of Plaintiff's restaurant business.

28. On or about May of 2017, Defendant Huang and Defendant Liang both traveled to Flushing, New York to have a face to face meeting with Plaintiff.

29. During the aforesaid meeting, Plaintiff briefly introduced the history of Plaintiff's business and their seeking a partner to open another Laoma restaurant in Philadelphia.

30. On the aforesaid meeting, both parties had a preliminary contract to open up a possible franchise restaurant in Philadelphia, provided with conditions listed by Plaintiff, including the fee arrangement and the territory of operating the restaurant.

31. Defendant Huang and Defendant Liang orally consented all the conditions of cooperation with Plaintiff, and repetitively expressed their deep interest in operating a Laoma restaurant following Plaintiff's business model.

32. When Plaintiff demand Defendant signing a Non-disclosure and Non-compete Agreement, Defendants orally promised not to disclose any of Plaintiff's trade secret and delivered a $10,000 check to Plaintiff as security deposit.

33. Considering Defendant's verbal agreement to join Plaintiff's business and tendering of $10,000 check, Plaintiff in good faith relied on Defendant's oral promise, and gave Huang and Liang a tour to their restaurant located at the lower level of New World Mall in Flushing, from which Defendant Huang and Defendant Liang for the first time got access to the Plaintiff's kitchen settings, ingredients and Plaintiff's unique dishes preparation system.

34. On or about June 2017, Defendant reached out to Plaintiff notifying them that they have rented the space for opening Laoma Restaurant and they would like to show Plaintiff the space for approval.

35. Plaintiff deployed a team of professionals to Philadelphia to give advise on the potential location of opening Laoma restaurant with the Defendants. Plaintiff also gave out their professional opinions on kitchen renovation and settings.

36. Again, Defendant delayed signing the agreement with the excuse that they need to talk to an attorney about the Non-disclosure and Non-compete Agreement first.

37. On or about July of 2017, Defendant Huang visited Plaintiff's restaurant in Flushing, New York. Huang told Plaintiff that he has retained an attorney. Plaintiff was in the process of preparing Franchise Agreement for both parties.

38. In reliance on Huang's promise, Plaintiff showed Huang the kitchen, during which Huang took pictures of the kitchen, food ingredients, formula of the Laoma sauce. Plaintiff taught Defendant Huang the cooking technique, preparation of Laoma sauce, food materials preparation, dishes recipe, dishes preparation, dishes serving method, kitchen settings for maximum efficiency and flavor preserve.

39. On or about August 18, 2017, Plaintiff sent proposed Franchise Agreement to Defendants with the same terms that Defendants orally agreed with. Defendants committed bad faith negotiation and abandoned the whole deal without good cause.

III.    Defendant's Trademark and Trade Secret Infringement

40. On or about August 2017, Defendant opened a restaurant using a similar mark "Chu Shang Spicy" that infringes and dilutes Laoma Mark at the chosen location without Plaintiff's consent.

41. A Screenshot of the infringing mark "Chu Shang Spicy" appears below.



42. Upon information and belief, Defendant used the same technique, system and Laoma Sauce that were theft from Plaintiff to operate his restaurant.

43. Upon information and belief, there is a high likelihood that the continued use and promotion by Defendants in connection with products and services in a manner that creates a likelihood of confusion.

44. Upon information and belief, as of the date of the filing of this Complaint, each Defendant still infringes upon and uses the Chu Shang Spicy trademark without Plaintiff's express authorization.

IV.     Defendants' Filings under Infringing Corporate Name

45. On or about July 24, 2017, Defendant Huang and Defendant Liang filed a business registration with Department of State of Pennsylvania, using a corporate name, Laoma Philly Inc., that infringes and dilutes the Laoma Marks.

46. Defendants, as applicable, made the filings set forth above (i) with the knowledge that the corporate name infringed, diluted and otherwise constituted unauthorized use of Plaintiff's Marks, and (ii) for the sole purpose of misappropriating Plaintiff's identity to mislead consumers and others that Defendants were affiliated with Plaintiff.

47. On or about August 18, 2017, Plaintiff became aware that Defendant is using a corporate name that infringes and dilutes the Laoma Marks. Plaintiff emailed Defendant to stop Defendant from using the infringing corporate name on the same day.

48. Upon information and belief, as of the date of the filing of this Complaint, each Defendant still infringes upon and uses Laoma Philly Inc. under Plaintiff's opposition.


CAUSES OF ACTION

CLAIM I

BREACH OF CONTRACT

49. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

50. Plaintiff and Defendant has a valid and enforceable oral non-disclosure and non-compete agreement that Defendants shall keep all the information that they obtained from Plaintiff confidential.

51. Defendant verbally agreed and paid $10,000 as consideration.

52. Plaintiff has performed and tendered performance under the oral agreement.

53. Defendants breached the oral agreement by illegally using Plaintiff's trade secret and business model without Plaintiff's consent.

54. Plaintiff is entitled to recover damages resulting from Defendants' failure to perform under their oral agreement.

CLAIM II

BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

55. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

56. In order to get access to Plaintiff's trade secret, technique and business model, the Defendants affirmatively orally consented to the provisions of Plaintiff's non-disclosure and non-compete agreement.

57. The non-disclosure and non-compete agreement constitutes a valid and enforceable contract between the Plaintiff and the Defendants.

58. Defendants breached the provisions of the non-disclosure and non-compete agreement, specifically not honoring its responsibilities to ensure the confidentiality of the Plaintiff's trade secret, technique and business model.

59. Defendants breached the implied covenant of good faith and fair dealing by using Plaintiff's trade secret, technique and business model without Plaintiff's consent.

60. As a result of Defendants' conduct, Plaintiff suffered actual damages in the amount to be determined by the Court.

CLAIM III

TRADE SECRET MISAPPROPRIATION

(Civil Action under 18 U.S.C. § 1836)

61. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

62. Plaintiff is the owner of certain valuable trade secrets including, inter alia, formula of Laoma Sauce and recipe of Laoma dishes.

63. These trade secrets are related to Laoma's products and services that are used in interstate commerce.

64. Defendants' current and continued misappropriation of Plaintiff's trade secrets is intentional and malicious. Defendants are fully aware of the confidentiality obligations and restrictions on use and disclosure of the trade secrets, by which the Defendants agreed to abide orally.

65. As a direct and proximate result of Defendants' current and continued misappropriation of Defendants' trade secrets, Plaintiff will suffer imminent and irreparable harm.

66. Unless enjoined by this Court, Defendant's acts of misappropriation will continue and Plaintiff will continue to suffer irreparable harm.

67. Plaintiff has no adequate remedy at law, and is entitled to an injunction under 18 U.S.C. § 1836(b)(3)(A).

68. Upon information and belief, Defendants' continued use of these trade secrets is willful and malicious, and Plaintiff is entitled to recover enhanced damages and its reasonable attorneys' fees under 18 U.S.C. § 1836(b)(3).

CLAIM IV

TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER SECTION 43(a)(1)(A) OF THE LANHAM ACT, 15 U.S.C. §1125(a)(1)(A)

69. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

70. Plaintiff owns valid trademark rights in the Laoma Marks, including the common-law trademarks "Laoma Spicy" (U.S. Serial Number 87,541,458) and "Laoma Malatang".

71. Defendants have used in commerce one or more words, terms, names, symbols or devices and combinations thereof and/or false descriptions of origin that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and/or as to the origin, sponsorship, or approval of the products and services and commercial activities of Defendants, and thus constitute trademark infringement, false designation of origin, and unfair competition with respect to Laoma Marks, in violation of Section 43(a)(1)(A)of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

72. As a result of the actions of Defendants alleged above, Plaintiff has been damaged and will continue to be damaged.

73. Plaintiff is entitled to injunctive relief under 15 U.S.C. §1116(a) and §1125(c)(1) and §1125(c)(5).

CLAIM V

TRADEMARK DILUTION UNDER SECTION 43(c) OF

THE LANHAM ACT, 15 U.S.C. §1125(c)

74. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

75. The Laoma Marks have become famous, as that term is defined in Section 43(c)(2)(A) of the Lanham Act, and have been famous for many years. The famous Laoma Marks are also distinctive, inherently or through acquired distinctiveness.

76. The above-described actions of Defendants occurred in 2017 until to date, well after the Laoma Marks became famous, and are likely to cause dilution of the famous Laoma Marks by blurring and/or tarnishment, in each case, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c)(1).

77. Upon information and belief, the actions of Defendants described above have at all times relevant to this action been willful and intentional.

78. As a result of the actions of Defendants alleged above, Plaintiff has been damaged and will continue to be damaged.

79. Plaintiff is entitled to recover Defendants' profits, Plaintiff's damages and the costs of this action under 15 U.S.C. §1117(a) and §1125(c)(5).

80. Plaintiff is entitled to recover reasonable attorney's fees under 15 U.S.C. §1127(a).

## CLAIM VI

## INFRINGEMENT OF COMMON LAW RIGHTS IN TRADEMARK AND TRADE NAME

81. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

82. As described in this Complaint, each Defendant has infringed upon Plaintiff's common law rights to its trademark and trade name. Plaintiff is the owner of the Laoma Marks. A likelihood of confusion exists between Laoma Marks and Defendant's Mark.

83. Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff, its business, its reputation and goodwill.

84. Defendants' infringement of Plaintiff's common law trademark and trade name has caused damages to Plaintiff entitling Plaintiff to an award of damages in an amount to be determined by this Court.

## CLAIM VII

## DECEPTIVE ACTS AND PRACTICES UNLAWFUL IN VIOLATION OF NEW YORK GENERAL BUSINESS LAW (N.Y. Gen. Bus. Law §349)

85. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

86. Defendants' deceptive acts and practices are materially misleading to consumers by presenting the impression to consumers that the Chu Shang Spicy restaurant is affiliated with Plaintiff. Such acts and practices have deceived or have a tendency to deceive a

material segment of the public to whom the Defendants have directed their activities, resulting in injury to Plaintiff.

87. By virtue of the foregoing, Defendants have engaged in deceptive acts and practices in the conduct of business and furnishing of services and have willfully and knowingly violated New York General Business Law §349.

## CLAIM VIII

### NEW YORK TRADEMARK DILUTION (N.Y. Gen. Bus. Law §360-l)

88. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

89. Defendants' uses of the Laoma Marks, trade secrets and trade name as set forth above, (i) have injured and will continue to injure Plaintiff's business reputation and (ii) have diluted and will continue to dilute the distinctive quality of Plaintiff's strong and distinctive marks by (a) blurring the identify between Laoma Marks and services, (b) otherwise lessening the capacity of the Laoma Marks to exclusively identify Plaintiff and its services and/or (c) tarnishing the positive associations represented by the Laoma Marks.

90. Defendants' actions are in violation of New York General Business Law §360-l and are causing and continue to cause Plaintiff irreparable harm in the nature of loss of control over its reputation and loss of substantial customer goodwill.

91. Plaintiff is entitled to injunctive relief under New York General Business Law §360-l.

## CLAIM IX

## NEW YORK COMMON LAW TRADEMARK INFRINGEMENT

## AND COMMON LAW UNFAIR COMPETITION

92. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

93. Due to Plaintiff's extensive and continuous use in commerce, the Laoma Marks have become well known in New York and beyond.

94. Defendants' unauthorized use of Chu Shang Spicy mark and trade name contains the Laoma Marks constitutes a use in commerce that is likely to cause confusion and mistake and to deceive consumers as to the source or origin of Plaintiff's services. Consumers may mistakenly believe that Defendants' restaurants are sponsored by, approved by or affiliated or connected with Plaintiff.

95. Defendants intentionally and knowingly adopted and used a name, mark or false designation of origin likely to cause confusion in the marketplace as to the source, origin, or sponsorship of the services offered by Defendants.

96. Defendants stole Plaintiff's trade secret and continuing benefit from using Plaintiff's trade secret in their restaurant in Philadelphia.

97. By virtue of the foregoing, Defendants have infringed, and continue to infringe, upon the Plaintiff's Marks and trade secrets. Defendants' acts are causing and continue to cause Plaintiff irreparable harm in the nature of loss of control over its reputation and goodwill. The irreparable harm to Plaintiff will continue, without any adequate remedy at law, unless and until Defendants' unlawful conduct is enjoined by this Court.

98. This is an extraordinary case that merits an award of Defendants' profits, damages sustained by Plaintiff, attorneys' fees and costs.

CLAIM X

UNFAIR COMPETITION

99. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

100.    Defendants competes with Plaintiff's restaurants by providing the same or similar products and services in the same marketplace.

101.    Defendants' operation of Chu Shang Spicy restaurant, unfairly competes for customers in the relevant marketplace, including potential customers of Plaintiff, impairing Plaintiff's ability to compete in Pennsylvania in Chinese restaurant services.

102.    Defendants have taken no action to cure the unfair competition they have created as stated herein, and they have no intention of curing, unless ordered by a court to do so.

103.    As a result of the unfair competition by the Defendants, Plaintiff has been and will continue to suffer losses of business.

104.    To remedy the unfair competition from the Defendants and the irreparable injury that it has caused and will continue to cause Plaintiff, the Court should order Defendants to discontinue their unfair competition.

CLAIM XI

FRAUD

105.    Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth

herein.

106.    Defendants through one or more communications to defraud Plaintiff into believing

that Defendant has a good faith to enter into franchise agreement with Plaintiff.

107.    Defendant Huang and Defendant Liang came to visit Plaintiff in New York, verbally

expressed their interest in joining Plaintiff's business, paid deposit to defraud Plaintiff

into releasing their trade secret to Defendant for their unlawful usage.

108.    As a result of Defendants' fraudulent scheme, all Defendants are jointly and severally

liable to Plaintiff for its damages together with attorneys fees, costs and expenses of in

the amount to be determined by this Court.

CLAIM XII

TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

109.    Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth

herein.

110.    Plaintiff in good faith believed Defendant's interest in joining their business. Plaintiff

turned down other interested parties to join their business in Pennsylvania after

Defendant paid deposit.

111.    Defendant Huang and Defendant Liang used dishonest, unfair and improper means to

interfere with Plaintiff's business relationships with interested parties in Pennsylvania to

join Plaintiff's business.

112. Defendants damaged Plaintiff's prospective economic relationship with other interested parties with the sole intention to steal Plaintiff's trade secret by misrepresenting themselves as an interested party in joining Plaintiff's business.

113. Defendants' conduct also damaged Plaintiff's future business opportunities. Defendant's' opening Chu Shang Spicy restaurant in Pennsylvania caused other interested parties to decline joining Plaintiff's business in Pennsylvania. Plaintiff's inability to conduct business with other interested parties in Pennsylvania has resulted in significant lost profits and business opportunities.

114. As a result of Defendant's conduct, Plaintiff is entitled to an award of exemplary and punitive damages against Defendant, and all costs, expenses and attorneys' fees incurred in these proceedings by Plaintiff.

CLAIM XIII

UNJUST ENRICHMENT

115. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

116. Plaintiff and its affiliates were and continue to be the owner of their trade secret, business model and Laoma Marks.

117. Defendants, by their wrongful acts, conspired to illegally take and did illegally take the trade secrets, business model and Laoma Marks which were rightfully owned by Plaintiff and convert such property for their own use and benefit.

118. As a result of the foregoing, Defendants were enriched, at Plaintiff's expense, by virtue of Defendants' illegal actions, and accordingly, is against equity and good conscience to permit Defendants to retain such enrichment.

119. Be reason of the foregoing, Defendants shall disgorge any profits they received from using Plaintiff's intellectual property illegally. Plaintiff is entitled to sustain damages in an amount to be determined at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

1. An order declaring that Defendants' use of the trade name listed in paragraph 44:

    a. constitutes trademark infringement, false designation of origin and unfair competition in violation of 15 U.S.C. §1125(a)(1)(A);

    b. constitutes willful trademark dilution under 15 U.S.C. §1125(c);

    c. constitutes deceptive acts and practices that are a willful and knowing violation of N.Y. Gen. Bus. Law §349;

    d. constitutes trademark dilution in violation of N.Y. Gen. Bus. Law §360-l; and

    e. constitutes trademark infringement and unfair competition under New York law.

2. An order declaring that Defendants cannot register and/or use with any person or entity, including any (a) U.S. federal or state governmental authority, agency, commission or similar entity, (b) self-regulatory or industry organization, or (c) ratings or certifying agency, in each case, the corporate names, trade names, d/b/a or similar names that infringe, dilute or otherwise violate the Laoma Marks or that is likely to cause confusion, or to cause mistake, or to deceive that any of the Defendants are affiliated, connected, or associated with Plaintiff or that Plaintiff is the origin or sponsor of, or that Plaintiff has approved of, such corporate names, trade names, d/b/a or similar name and the filing listed in paragraph 44 is null and void and of no legal effect and should be expunged.

3. An order enjoining the Defendants and their officers, agents, servants, employees and attorneys and other persons who are in active concert or participation with any of them (collectively, the "Defendant Parties") from:

    a. registering or using any trade name, domain name or email address that infringe, dilute, constitute cybersquatting or otherwise violate the Laoma Marks or that are reasonably likely to cause confusion, mistake or to deceive that any of the Defendant Parties are affiliated, connected or associated with Plaintiff or that Plaintiff is the origin or sponsor of, or that Plaintiff has approved of, such trade name, domain name or email addresses;

    b. operating or causing or engaging others to facilitate the operation of any internet website for which the contents infringe, dilute, or otherwise violate the Laoma

Marks or that are reasonably likely to cause confusion, mistake or to deceive that any of the Defendant Parties are affiliated, connected, or associated with Plaintiff or that Plaintiff is the origin or sponsor of, or that Plaintiff has approved of, such contents;

c. registering and/or using with any person or entity, including any (a) U.S. federal or state governmental authority, agency, commission or similar entity, (b) self-regulatory or industry organization, or (c) ratings or certifying agency, in each case, the corporate names, trade names, d/b/a or similar names that infringe, dilute or otherwise violate the Laoma Marks or that is likely to cause confusion, or to cause mistake, or to deceive that any of the Defendants are affiliated, connected, or associated with Plaintiff or that Plaintiff is the origin or sponsor of, or that Plaintiff has approved of, such corporate names, trade names, d/b/a or similar name.

4. An order requiring Defendants to pay to Plaintiff:

a. for trademark infringement, false designation of origin and unfair competition under 15 U.S.C. §1125(a), Defendants' profits or if such recovery is inadequate, an amount that the Court may in its discretion find to be just and three times the amount of Plaintiff's damages, due to the circumstances of the case (15 U.S.C. §1117(a));

b.  for willful trademark dilution under 15 U.S.C. §1125(c), Defendants' profits or if such recovery is inadequate, an amount that the Court may in its discretion find to be just and three times the amount of Plaintiff's damages, due to the circumstances of the case (15 U.S.C. §1117(a));

c.  actual damages, with treble damages to the maximum extent permitted by N.Y. Gen. Bus. Law §349; and

d.  plaintiff's cost in this action and an award of reasonable attorney's fees under 15 U.S.C. §1117(a) and (b) and N.Y. Gen. Bus. Law §349.

5.  Any other relief as the Court considers may be just and proper.


JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.


Dated: April 30, 2018
        Queens, New York


Hui Chen & Associates, PLLC

By __/s/ Hui Chen__
Hui Chen, Esq.
*Attorney for Plaintiff*
136-20 38th Avenue, Suite 9E
Flushing, NY 11354
hui.chenlawoffice@gmail.com
Tel: 718-463-2666
Fax: 718-463-2555